UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

IN RE:

CHRIS E. CARHART,
                              CASE NO. 9:16-bk-06499-FMD
          Debtor.      CHAPTER 7
_____/

**DEBTOR'S RESPONSE TO MOTION TO COMPEL FED.R.BANKR.PRO.
2004 PRODUCTION OF DOCUMENTS AND EXAMINATION
<u>TESTIMONY OF KEXIN CARHART</u>**

NOW COMES Debtor, CHRIS E. CARHART, by and through his undersigned counsel, and in response to Motion to Compel Fed.R.Bankr.Pro. 2004 Production of Documents and Examination Testimony of Kexin Carhart (DE 65), states as follows:

1. The Creditors, Christopher G. Halaska, Halaska International, Inc. and Carhart-Halaska International LLC ("Creditors") have filed a Motion to Compel pursuant to Fed.R.Bankr.Pro. 2004 Production of Documents and Examination Testimony of Kexin Carhart.  The relief is in basically two (2) part; Paragraph 9 as to production of documents and Paragraph 11 as to testimony.

2. A review of Paragraph 9 and its many subparts indicates that the deponent filed a written response to the written production of documents and objected to the production properly and stated that it was beyond the standard scope of a 2004 examination. The Debtor agrees with the deponent as each of the requests relates to the deponent's personal assets and not that of the Debtor.

3. An example of this is Paragraph 9a asking for:

> "Any and all documents evidencing or related to any income you earned over the past four years."

As can be seen, this request is for the deponent's personal assets, not the Debtor's. A review of the remainder of the requests shows the same deficiency.

4. As to the testimony issue in Paragraph 11, there is no 2004 examination transcript attached to the Motion. This Court cannot make a determination as to whether or not the questions relate to those they will now ask were properly asked at the 2004 examination and whether a refusal was made by the deponent. In addition, a review of the areas of questioning such as:

> "11f. Whether she used or transferred funds from Carhart, Inc. to a personal account;
>
> "11k. How much money she has given to her husband over the last two years."

These questions appear to be beyond the scope of the 2004 examination and not relevant.

5. The undersigned counsel attended the 2004 examination and does not remember any question that was asked regarding the Debtor and was not answered by the deponent.

6. Until such time as there is a transcript, the Debtor does not believe this Court can make a proper determination as to whether or not the deponent properly answered any question.

7. This deponent resides not only in Florida but also resides in China and, as such, is an extreme expense to have her return.

WHEREFORE, Debtor, CHRIS E. CARHART, requests this Court to

deny the Motion to Compel Fed.R.Bankr.Pro. 2004 Production of Documents and Examination Testimony of Kexin Carhart, and for such other and further relief as the Court deems just and proper.

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished to the U.S. Trustee, 501 E. Polk Street, Suite 1200, Tampa, FL 33602, Robert E. Tardif, Jr., Trustee, P.O. Box 2140, Fort Myers, FL 33902, John S. Biallas, Esquire, 3N918 Sunrise Lane, St. Charles, IL 60174, Stephanie C. Lieb, Esquire, 101 E. Kennedy Boulevard, Suite 2700, Tampa, FL 33602 and Nathaniel Cade, Jr., Esquire, P.O. Box 170887, Milwaukee, WI 53217, by first class U.S. Mail, postage fully prepaid or by electronic notice, this  10th  day of  March , 2017.

          MILLER, HOLLANDER & JEDA
          Attorneys for Debtor
          2430 Shadowlawn Drive, Suite 18
          Naples, FL 34112
          Telephone 239-775-2000
          Facsimile 239-775-7953

By: /S/ RICHARD J. HOLLANDER
    RICHARD J. HOLLANDER
    Florida Bar No. 884900
    MELISSA H. JEDA
    Florida Bar No. 106407