IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

CHRIS E. CARHART,                               Case No. 9:16-bk-06499-FMD

        Debtor.

_____/

## MOTION TO SELL PROPERTY OF THE ESTATE FREE AND CLEAR OF PURPORTED LIENS AND INTERESTS

> A preliminary hearing in this case will be held on **May 10, 2018 at 11:30 a.m.** in Fort Myers Federal Building and Federal Courthouse, Room 4-117, Courtroom E, 2110 First Street, Fort Myers, Florida 33901 to consider and act upon the following or this matter and transact such other business that may come before the Court: **Motion to Sell Property of the Estate Free and Clear of Purported Liens and Interests**.
>
> 1. The hearing may be continued upon announcement made in open court without further notice.
> 2. Appropriate Attire – You are reminded that Local Rule 5072-1(b)(16) required that all persons appearing in court should dress in business attire consistent with their financial abilities. Shorts, sandals, shirts without collars, including tee shirts and tank tops, are not acceptable.
> 3. Avoid delays at courthouse security checkpoints. You are reminded that Local Rule 5073-1 **restricts the entry of cellular telephones** and, except in Orlando, computers into the courthouse absent a specific order of authorization issued beforehand by the presiding judge. Due to heightened security procedures, persons must present photo identification to enter the courthouse.

COMES NOW the Trustee in the above-styled case, ROBERT E. TARDIF JR., files this Motion to Sell Property of the Estate Free and Clear of Liens and Interests and moves this Court pursuant to 11 U.S.C. §§ 105 and 363(f) and Rule 6004 for an Order authorizing the sale of property of the estate by private sale free and clear of liens and interests and states as follows:

1. The Debtor filed this bankruptcy case on July 29, 2016. Robert E. Tardif Jr., has been appointed as Trustee to administer the case.

2. **Property:** Trustee proposes to sell the bankruptcy estate's interest in the following property: **3512 White Eagle Drive, Naperville, Illinois** – Lot 809 in White Eagle Club, Unit 22, Index No. 07-01-04-103-023-0000. The Estate has a 50% interest in the property, which is jointly-owned with the Debtor's non-filing spouse, Kexin Carhart.

3. **Purchaser:** The proposed purchaser is Daniel Georgievski, his permitted assigns or designees. To the Trustee's knowledge the purchaser does not have any relationship to the Debtor or any other party in interest. The purchase and sale agreement with attachments is 13 pages so the Trustee is not attaching the agreement to this motion in order to reduce mailing costs. The Trustee will provide a complete copy of the agreement to any party in interest that

makes a request and provides an email address to receive a copy.

4. **Price:** The selling price is $750,000.00. The Trustee has not had the property appraised. However, the Trustee and Mrs. Carhart retained a real estate agent, who has indicated that the selling price represents the current fair market value for the property in its present condition. The Trustee, after due diligence, believes the selling price is fair and reasonable given the time frame the Court provided to the Trustee to sell the property.

5. The following appear to have an interest in the properties to be sold by the Trustee:

| Parties in Interest | Nature of Interest | Amount |
| --- | --- | --- |
| Bank of America | Mortgage Lien | Approx. $420,000.00 |
| Hinshaw & Culbertson | Judgment Lien | Approx. $333,600.00 |
| Kexin Carhart | Joint Owner | 50% Interest in Property |

6. Section 363(f) of the Bankruptcy Code provides, in pertinent part, that: "the trustee may sell property . . . free and clear of any interest in such property and of an entity other than the estate, only if – (2) such entity consents; or (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property; or (4) such interest is in bona fide dispute; . . . ."

7. With regard to the above Parties in Interest, the Trustee believes that the necessary requirements for a sale free and clear of liens and interests exist by stating the following:

   a. **Bank of America** – The bank has a first priority lien against the property by virtue of a recorded mortgage against the property. The Trustee anticipates that the bank will receive full payment. The expected net proceeds of the sale being proposed is more than the amount due to the bank so the Court can approve the sale pursuant to § 363(f)(3) with regard to this interest.

   b. **Hinshaw & Culbertson** – The Creditor sued the Debtor and received a final judgment in the approximate amount of $333,600.00, which bears Document No. R2016015659 of the public records of Will County, Illinois. The Trustee anticipates that this Creditor will consent to the sale upon payment of a percentage of the net proceeds attributable to the Debtor's interest in the property. The current amount expected to be received by this Creditor is $59,800.00. The Creditor will execute a release of its judgment lien.

   c. **Kexin Carhart** – The Claimant is the joint-owner of the property. The Trustee anticipates that Mrs. Carhart will consent to the sale upon the following conditions: (1) that she receive one-half of the net proceeds of sale, after payment of the mortgage, real estate commission and all closing costs and prorations; (2) that she receive from the Estate's half of the net proceeds one-half of the carrying

costs and expenses that she has paid from the filing date of this case through the date of sale, the current total amount of which is approximately $90,415.39 (so the Estate's reimbursement would be $45,207.70); and (3) that the Estate compensate her for the difference between the net proceeds that she would have received from a sale at $760,000 and the amount of this proposed sale at $750,000.00, that difference in amount being approximately $4,500.00.

8. The sale of the property free and clear of liens of the above-named individuals and entities is in the best interests of the Debtors' estate, its creditors and other parties in interest.

9. **Terms:** The property is being sold "AS IS, WHERE IS WITH ALL FAULTS AND DEFECTS THEREIN" with no representations or warranties of any kind.

10. **Benefit to Estate:** The Trustee believes the net sales proceeds will be approximately $19,900.00.

11. **Closing Costs:** The Trustee expects to pay the following undisputed liens, claims or costs at the closing:

   a. Commission – Joy Mulder, Coldwell Banker Residential Real Estate and any cooperating agent/broker, if any - $37,500.00.

   b. Other reasonable and customary closing costs to the Trustee, as Seller, which may include the following:

   |      |                                                           |             |
   |------|-----------------------------------------------------------|-------------|
   | i.   | Settlement/Closing/Title Charges (Approximately)          | $ 5,545.00  |
   | ii.  | Surveying (Approximately)                                 | $   500.00  |
   | iii. | Reasonable and customary closing costs not to exceed      | $   750.00  |
   | iv.  | Stamp Tax (State and County)                              | $ 1,125.00  |
   | v.   | 2017/2018 Taxes and/or Prorated taxes                     | $25,700.00  |

   c. A true and accurate copy of an estimated net sheet or closing statement is attached to this motion.

12. **Request to Waive Stay**: At the hearing on this motion the Trustee will request that the Court enter an order waiving the 14-day stays set forth in Rules 6004(h) and 6006(d) of the Federal Rules of Bankruptcy Procedure and providing that the order granting this motion be immediately enforceable and that the closing under the purchase agreement may occur immediately.

WHEREFORE the Trustee moves the Court for entry of an Order authorizing the sale of the above-described property free and clear of liens and interests pursuant to Section 363(f), in accordance with the terms stated herein.

*Certificate of Service*

**I HEREBY CERTIFY** that a true and correct copy of the foregoing has been furnished **Electronically** to the Assistant United States Trustee and Richard Hollander and by **Regular U.S. Mail** to Chris E. Carhart and Kexin Carhart, 621 Seaview Court P2, Marco Island, FL 34145, Hinshaw & Culbertson, LLP, c/o Brian Zeeck and Finance Department, 222 N. LaSalle St., Suite 300, Chicago, IL 60601, and Bank of America, P.O. Box 31785, Tampa, FL 33631-3785 and by **Certified Mail** to Bank of America, N.A., by serving Brian Moynihan, Chairman & CEO, 100 North Tryon Street, Suite 170, Charlotte, NC 28202 and those creditors and parties in interest on the attached matrix on April 19, 2018 that are required to be served pursuant to Local Rule 2002-1(c).

/s/ Robert E. Tardif Jr.
Robert E. Tardif Jr., Trustee
P.O. Box 2140
Fort Myers, Florida 33902
Telephone: 239/362-2755
Facsimile: 239/362-2756
Email: rtardif@comcast.net

OMB Approval No. 2502-0265



A. **Settlement Statement (HUD-1)**

| B. Type of Loan | | |
|---|---|---|
| 1. ☐ FHA  2. ☐ RHS  3. ☐ Conv. Unins.  4. ☐ VA  5. ☐ Conv. Ins. | 6. File Number: | 7. Loan Number: | 8. Mortgage Insurance Case Number: |

C. Note: This form is furnished to give you a statement of actual settlement costs. Amounts paid to and by the settlement agent are shown. Items marked "(p.o.c.)" were paid outside the closing; they are shown here for informational purposes and are not included in the totals.

| D. Name & Address of Borrower: | E. Name & Address of Seller: | F. Name & Address of Lender: |
|---|---|---|
| G. Property Location: | H. Settlement Agent: | I. Settlement Date: |
| | Place of Settlement: | |

| J. Summary of Borrower's Transaction | | K. Summary of Seller's Transaction | |
|---|---|---|---|
| **100. Gross Amount Due from Borrower** | | **400. Gross Amount Due to Seller** | |
| 101. Contract sales price | | 401. Contract sales price | |
| 102. Personal property | | 402. Personal property | |
| 103. Settlement charges to borrower (line 1400) | | 403. | |
| 104. | | 404. | |
| 105. | | 405. | |
| **Adjustment for items paid by seller in advance** | | **Adjustment for items paid by seller in advance** | |
| 106. City/town taxes          to | | 406. City/town taxes          to | |
| 107. County taxes             to | | 407. County taxes             to | |
| 108. Assessments              to | | 408. Assessments              to | |
| 109. | | 409. | |
| 110. | | 410. | |
| 111. | | 411. | |
| 112. | | 412. | |
| **120. Gross Amount Due from Borrower** | | **420. Gross Amount Due to Seller** | |
| **200. Amount Paid by or in Behalf of Borrower** | | **500. Reductions In Amount Due to seller** | |
| 201. Deposit or earnest money | | 501. Excess deposit (see instructions) | |
| 202. Principal amount of new loan(s) | | 502. Settlement charges to seller (line 1400) | |
| 203. Existing loan(s) taken subject to | | 503. Existing loan(s) taken subject to | |
| 204. | | 504. Payoff of first mortgage loan | |
| 205. | | 505. Payoff of second mortgage loan | |
| 206. | | 506. | |
| 207. | | 507. | |
| 208. | | 508. | |
| 209. | | 509. | |
| **Adjustments for items unpaid by seller** | | **Adjustments for items unpaid by seller** | |
| 210. City/town taxes          to | | 510. City/town taxes          to | |
| 211. County taxes             to | | 511. County taxes             to | |
| 212. Assessments              to | | 512. Assessments              to | |
| 213. | | 513. | |
| 214. | | 514. | |
| 215. | | 515. | |
| 216. | | 516. | |
| 217. | | 517. | |
| 218. | | 518. | |
| 219. | | 519. | |
| **220. Total Paid by/for Borrower** | | **520. Total Reduction Amount Due Seller** | |
| **300. Cash at Settlement from/to Borrower** | | **600. Cash at Settlement to/from Seller** | |
| 301. Gross amount due from borrower (line 120) | | 601. Gross amount due to seller (line 420) | |
| 302. Less amounts paid by/for borrower (line 220) | ( ) | 602. Less reductions in amounts due seller (line 520) | ( ) |
| **303. Cash** ☐ From ☐ To Borrower | | **603. Cash** ☐ To ☐ From Seller | |

The Public Reporting Burden for this collection of information is estimated at 35 minutes per response for collecting, reviewing, and reporting the data. This agency may not collect this information, and you are not required to complete this form, unless it displays a currently valid OMB control number. No confidentiality is assured; this disclosure is mandatory. This is designed to provide the parties to a RESPA covered transaction with information during the settlement process.

```
Label Matrix for local noticing          John S Biallas                             John S. Biallas
113A-9                                    3N918 Sunrise Lane                        3 N 918 Sunrise Lane
Case 9:16-bk-06499-FMD                    St. Charles, IL 60174-5081                St. Charles, IL 60174-5081
Middle District of Florida
Ft. Myers
Wed Apr 18 16:40:32 EDT 2018

Nathaniel Cade Jr                         Chris E Carhart                           Carhart-Halaska International LLC
Cade Law Group, LLC                       621 Seaview Court P2                      c/o Nathaniel Cade, Jr., Esq.
Post Office Box 170887                    Marco Island, FL 34145-2934               Cade Law Group, LLC
Milwaukee, WI 53217-8076                                                            PO Box 170887
                                                                                    Milwaukee, WI 53217-8076


Caryl E. Delano                           Mona Sami Garcia                          Christoper G. Halaska
Tampa                                     60 Alicante Ct                            c/o Nathaniel Cade, Jr., Esq.
, FL                                      Kissimmee, FL 34758-3927                  Cade Law Group, LLC
                                                                                    P.O. Box 170887
                                                                                    Milwaukee, WI 53217-8076


Halaska International, Inc.               Halaska-Carhart International LLC         Martin Auction Services LLC
c/o Nathaniel Cade, Jr., Esq.             c/o Nathaniel Cade, Jr., Esq.             9515 Texas Church Road
Cade Law Group, LLC                       Cade Law Group, LLC                       Clinton, IL 61727-9104
PO Box 170887                             PO Box 170887
Milwaukee, WI 53217-8076                  Milwaukee, WI 53217-8076


Bank of America                           Cade Law Group LLC                        Carhart-Halaska Int'l LLC/Halaska Int&#
PO Box 31785                              PO Box 170887                             c/o Cade Law Group
Tampa, FL 33631-3785                      Milwaukee, WI 53217-8076                  PO Box 596
                                                                                    Lake Bluff, Il 60044-0596


Carhart-Halaska international, LLC        Chris Halaska                             Halaska International, LLC
c/o Cade Law Group, LLC                   c/o Cade Law Group, LLC                   c/o Cade Law Group, LLC
P.O. Box 596                              P.O. Box 596                              P.O. Box 596
Lake Bluff, IL 60044-0596                 Lake Bluff, IL 60044-0596                 Lake Bluff, IL 60044-0596


Hinshaw & Culbertson, LLP                 Internal Revenue Service                  Robert E Tardif Jr.+
222 N. LaSalle Street, Suite 300          PO Box 7346                               Trustee
Chicago, IL 60601-1081                    Philadelphia, PA 19101-7346               Post Office Box 2140
                                                                                    Fort Myers, FL 33902-2140


Richard J. Hollander +                    Robert E Tardif, Attorney for Trustee +   United States Trustee - FTM7/13 +
Miller, Hollander & Jeda                  Robert E. Tardif, Jr., P.A.               Timberlake Annex, Suite 1200
5278 Golden Gate Pkwy., Suite 2           Post Office Box 2140                      501 E Polk Street
Naples, FL 34116-7644                     Fort Myers, FL 33902-2140                 Tampa, FL 33602-3949


Melissa H Jeda +                          Note: Entries with a '+' at the end of the
Miller, Hollander & Jeda                  name have an email address on file in CMECF
5278 Golden Gate Pkwy., Suite 2
Naples, FL 34116-7644
```

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.