ORDERED.

Dated:  May 17, 2018

Caryl E. Delano
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA, FORT MYERS DIVISION

In Re:

CHRIS E. CARHART,                                  Case No. 9:16-bk-06499-FMD

          Debtor.
_____/

**ORDER GRANTING MOTION TO SELL PROPERTY
FREE AND CLEAR OF PURPORTED LIENS AND INTERESTS**

**THIS CAUSE** came before the Court for hearing on May 10, 2018 upon the Trustee's Motion to Sell Property of the Estate Free and Clear of Purported Liens and Interests (Doc. No. 109) to Daniel Georgievski, his permitted assigns and/or designees. The Court reviewed the record and considered the positions of the Trustee, the Debtor's non-filing spouse, and counsel for Bank of America, N.A., which filed a response to the Trustee's motion (Doc. No. 113). For the reasons stated orally in court on the record during the hearing, it is

**ORDERED** that the Trustee's Motion to Sell Property of the Estate Free and Clear of Purported Liens and Interests is granted.

**IT IS FURTHER ORDERED** that the Trustee is hereby authorized to sell the bankruptcy estate's 50% interest in the following property free and clear of liens and interests on the terms contained in the Trustee's motion: Lot 809 in White Eagle Club, Unit 22, Index No. 07-01-04-103-023-0000 (**3512 White Eagle Drive, Naperville, Illinois**).

**IT IS FURTHER ORDERED** that the following are authorized to be paid at closing:

a. **Mortgage Loan** - The payoff of the mortgage loan in favor of Bank of America, N.A., according to a written payoff provided by the Creditor. The payoff should be received by the Creditor within 48 hours of the closing.

b. **Real Estate Commission** – Joy Mulder, Coldwell Banker Residential Real Estate and any cooperating agent/broker, if any - $37,500.00.

c. **Other Closing Costs** - Other reasonable and customary closing costs to the Trustee, as Seller, which may include the following:

| | | |
|---|---|---:|
| i. | Settlement/Closing/Title Charges (Approximately) | $ 5,545.00 |
| ii. | Surveying (Approximately) | $ 500.00 |
| iii. | Reasonable and customary closing costs not to exceed | $ 750.00 |
| iv. | Stamp Tax (State and County) | $ 1,125.00 |
| v. | 2017/2018 Taxes and/or Prorated taxes | $ 25,700.00 |

**IT IS FURTHER ORDERED** that the net proceeds of the sale shall be split between the Estate and Kexin Carhart, the Debtor's non-filing spouse as follows:

a. Kexin Carhart shall receive one-half of the net proceeds of sale and, in addition, she shall be paid the payments/ reimbursements from the Estate's one-half of the net proceeds as provided below.

b. The Bankruptcy Estate shall receive one-half of the net proceeds of sale, minus the sum of $49,707.70, which shall be paid to Kexin Carhart for as the required payment/reimbursement as reflected in the Trustee's motion.

**IT IS FURTHER ORDERED** that after the above-stated reduction is made to the Bankruptcy Estate's one-half of the net proceeds of sale, the remaining amount of the net proceeds of sale shall be split as follows:

a. Hinshaw & Culbertson shall be paid 75% of the remaining amount. Hinshaw & Culbertson shall execute a release of its final judgment against the Debtor which bears Document No. R2016015659 of the public records of Will County, Illinois.

b. Robert E. Tardif Jr., Bankruptcy Trustee, shall be paid 25% of the remaining amount.

**IT IS FURTHER ORDERED** that the purported liens, encumbrances or interests, if any, of the following purported claimants and/or lienors shall be deemed transferred to and shall have the same priority, if any, to the bankruptcy estate's interest in the net proceeds of the sale: Hinshaw & Culbertson.

**IT IS FURTHER ORDERED** that the Trustee has agreed and, therefore, the Court orders that the compensable amount of this sale for purposes of the Trustee's compensation shall be the total amount received by Hinshaw & Culbertson and Trustee as detailed above.

**IT IS FURTHER ORDERED** that the Court finds that the above-referenced purchaser is a good-faith purchaser pursuant to Section 363(m) of the Bankruptcy Code.

**IT IS FURTHER ORDERED** that the 14-day stay set forth in Rules 6004(h) and 6006(d), Federal Rules of Bankruptcy Procedure, is waived and this Order shall be immediately enforceable and the closing under the purchase agreement may occur immediately upon entry of this Order.

Trustee, Robert E. Tardif Jr., is directed to serve a copy of this Order on interested parties who are non-CM/ECF users and to file a proof of service within three days of entry of the Order.